NOT FOR PUBLICATION  IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER

Electronically Filed
Intermediate Court of Appeals
CAAP-14-0000930
25-JUL-2017
07:43 AM

NO. CAAP-14-0000930

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

ASSOCIATION OF APARTMENT OWNERS OF WAIPOULI BEACH RESORT,
through its Board of Directors, Plaintiff-Appellant,
v.
UNLIMITED CONSTRUCTION SERVICES, INC.;
UNLIMITED WBR, LLC; UPONOR, INC.; DORVIN LEIS CO., INC.;
STO CORP.; GROUP BUILDERS, INC., Defendants-Appellees,
and
DOES -1-100, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIFTH CIRCUIT
(CIVIL NO. 13-1-0059)

MEMORANDUM OPINION
(By:  Nakamura, Chief Judge, Ginoza and Chan, JJ.)

Plaintiff-Appellant Association of Apartment Owners of Waipouli Beach Resort (**AOAO**) appeals from a Final Judgment filed on June 9, 2014, in the Circuit Court of the Fifth Circuit (**circuit court**).[1]

On appeal, the AOAO contends that the circuit court erred when it (1) entered summary judgment in favor of Defendants-Appellees Unlimited Construction Services, Inc. and Unlimited WBR, LLC (collectively **Unlimited**), Uponor, Inc. (**Uponor**), Dorvin Leis Co., Inc. (**Dorvin**), Sto Corp. (**Sto**), and

---

[1]  The Honorable Kathleen N.A. Watanabe presided.

Group Builders, Inc. (**Group Builders**) (collectively **Defendants**); and (2) denied the AOAO's Motion to Compel Mediation and Arbitration.

For the reasons stated below, we affirm in part, vacate in part, and remand for further proceedings.

## I. Background

In this case, the AOAO filed a Complaint on February 26, 2013 (**2013 Complaint**), against the Defendants alleging, *inter alia*, negligence associated with the construction of the Waipouli Beach Resort Project (**Condominium Project**). In later filings, the AOAO appears to have focused its claims primarily on alleged defects associated with the PEX plumbing system and soffit installation to the Condominium Project.

On December 3, 2013, the AOAO filed a Motion to Compel Mediation and Arbitration pursuant to Hawaii Revised Statutes (**HRS**) §§ 658A-3[2] and -7[3] (2016), Rule 12.2 of the Rules of the Circuit Court of Hawaiʻi (**RCCH**),[4] and a "Settlement Release and

---

[2] HRS § 658A-3 provides that HRS chapter 658A governs an agreement to arbitrate.

[3] HRS § 658A-7 provides in pertinent part:

> [§658A-7] **Motion to compel or stay arbitration.** (a) On motion of a person showing an agreement to arbitrate and alleging another person's refusal to arbitrate pursuant to the agreement:
> (1) If the refusing party does not appear or does not oppose the motion, the court shall order the parties to arbitrate; and
> (2) If the refusing party opposes the motion, the court shall proceed summarily to decide the issue and order the parties to arbitrate unless it finds that there is no enforceable agreement to arbitrate.

[4] RCCH Rule 12.2 provides in pertinent part:

> **Rule 12.2 Alternative dispute resolution.**
>
> (a) *Authority to order.* The court, sua sponte or upon motion by a party, may, in exercise of its discretion, order the parties to participate in a nonbinding Alternative Dispute Resolution process (ADR or ADR process) subject to terms and conditions imposed by the court. ADR includes mediation, summary jury trial, neutral evaluation,

(continued...)

2

Indemnification Agreement" signed in May of 2010 (**2010 Settlement Agreement**) executed by the AOAO, Unlimited, and WBR LLC, formerly known as Waipouli Beach Resort, LLC (**WBR LLC**).

Subsequently, Unlimited, Group Builders, and Dorvin filed summary judgment motions, and Uponor and Sto filed joinders to Dorvin's summary judgment motion. Unlimited argued that, as a party to the 2010 Settlement Agreement, the terms of that agreement released Unlimited from the claims asserted by the AOAO in the 2013 Complaint. Group Builders, Dorvin, Sto, and Uponor all argued that although they were not a party to the 2010 Settlement Agreement, that agreement released them from the AOAO's claims because they were acting on behalf of Unlimited as either a subcontractor or a supplier for the Condominium Project. Further, all Defendants argued that the doctrine of *res judicata* barred the AOAO's claims because the 2013 Complaint asserted essentially identical claims as the claims in a prior Complaint filed in 2009 (**2009 Complaint**) against WBR LLC and Doe Defendants (**2009 Lawsuit**). In accordance with the 2010 Settlement Agreement, the AOAO and WBR LLC had signed a "Stipulation for Dismissal With Prejudice of All Claims and All Parties" (**Stipulation for Dismissal**), dismissing the claims in the prior 2009 Lawsuit.

The circuit court granted the Defendants' summary judgment motions and joinders on the basis of *res judicata*, and denied the AOAO's Motion to Compel Mediation and Arbitration.

On June 9, 2014, the circuit court filed the Final Judgment. The AOAO timely appealed from the Final Judgment.

---

[4](...continued)
non-binding arbitration, presentation to a focus group, or other such process the court determines may be helpful in encouraging an economic and fair resolution of all or any part of the disputes presented in the matter. Subsections (a) through (e) do not apply to ADR administered by the Hawai'i Judiciary, such as the Court Annexed Arbitration Program.

## II. Summary Judgment
### A. *Res Judicata*

The AOAO contends that the circuit court erred when it granted summary judgment based on *res judicata* or claim preclusion.

> The party asserting claim preclusion has the burden of establishing that (1) there was a final judgment on the merits, (2) both parties are the same or in privity with the parties in the original suit, and (3) the claim decided in the original suit is identical with the one presented in the action in question.

Bremer v. Weeks, 104 Hawaiʻi 43, 54, 85 P.3d 150, 161 (2004).

### 1. Claims Decided in the 2009 Lawsuit[5]

The AOAO contends that the claims in the 2013 Complaint are not barred by *res judicata* because they do not fall within the scope of the claims released in the 2010 Settlement Agreement. However, rather than start with the terms of the 2010 Settlement Agreement, we first focus on the claims asserted in the 2009 Complaint. In this regard, the 2009 Complaint (asserted against WBR LLC and Doe Defendants) alleged, in pertinent part:

> 5. The Defendants were negligent with respect to the development, design, construction, installation, supervision, inspection, repairing, testing, building, site development, product selection, or in some other manner, in relation to The Waipouli Beach Resort project and the buildings thereon. The Defendants were negligent in violating of [sic] Building Codes and other applicable laws and ordinances, deviating from construction industry standards, and constructing housing that the Defendants knew or should have known would pose serious risks of physical harm.

Further, the 2010 Settlement Agreement provided that the AOAO "will release, discharge, and forever hold harmless RELEASEES from any and all Claims." In turn, "claims" is defined in the 2010 Settlement Agreement as follows:

---

[5] The AOAO does not challenge whether there was a final judgment in the 2009 Lawsuit. However, we note that the 2009 Lawsuit was dismissed with prejudice by way of the Stipulation for Dismissal. "A dismissal of a lawsuit with prejudice is generally regarded as an adjudication on the merits of all issues that were raised or could have been raised in the pleadings, thus barring, on *res judicata* grounds, any subsequent litigation involving the same claims[.]" Gilmartin v. Abastillas, 10 Haw. App. 283, 288, 869 P.2d 1346, 1349 (1994) (citation omitted).

4

"Claims" shall mean and include any and all claims for damages, demands for payment of money, suits at law or equity, demands for arbitration, mediation, however denominated, whether past, present or future, arising out of, caused by or resulting from the development, design, and/or construction of the condominium project, any identification of RELEASEES on public reports or documents relating to the Condominium Project; and any and all repairs, replacement, remedial actions and/or maintenance to the Condominium Project undertaken by RELEASEES. The term "Claims" shall also mean and include any and all alleged defects and/or discrepancies identified or alleged in the Lawsuit, whether by Complaint, Pretrial Statement, Answers To Interrogatories or otherwise, or which could have been alleged prior to the date of this Agreement. The term "Claims" shall also include all invoices, billings, statements of services rendered and/or materials provided to RELEASOR concerning the Lawsuit[.]

Turning to the 2013 Complaint in this case, we first note that the allegations in paragraph 10 of the 2013 Complaint are almost identical to the allegations in paragraph 5 of the 2009 Complaint. The only material difference is that in paragraph 10 of the 2013 Complaint, "remediation" is added after "product selection[.]" In short, the claims asserted in the 2013 Complaint are almost identical to the claims in the 2009 Complaint. The 2013 Complaint further states:

As a direct and proximate result of the foregoing, [AOAO] has suffered injuries, damages, and losses and is entitled to recover general, special, compensatory, and consequential damages in an amount to be shown at trial . . . said injuries, damage, and losses include but are not limited to the following:

(a) physical injury to the buildings, apartments and grounds of the Project;
(b) injuries, damage, and losses resulting from improper development, design, and/or construction of the buildings, apartments and grounds;
(c) a continuous or repeated exposure to conditions which resulted in damage or injury to the buildings, apartments and grounds;
(d) loss in value of the apartments, buildings and grounds;
(e) the cost of experts;
(f) increase in maintenance costs;
(g) the cost to remedy defects and deficiencies; and
(h) other direct and consequential damages.

This is materially identical to what the AOAO asserted and sought in the 2009 Complaint.

5

Given the above, it seems clear that the claims asserted in this case under the 2013 Complaint are essentially identical to the claims asserted in the 2009 Lawsuit.

### 2. Parties to the 2009 Complaint

The AOAO contends that Dorvin, Uponor, Sto, and Group Builders were not parties to the 2009 Complaint, and thus, *res judicata* does not bar the claims against these defendants in this case.

The Defendants, in turn, counter that they were parties to the 2009 Complaint and the Stipulation for Dismissal because, pursuant to Hawai'i Rules of Civil Procedure (HRCP) Rule 17(d), they should be considered Doe Defendants in the 2009 Complaint. Alternatively, the Defendants argue that they were in privity with WBR LLC.

The parties identified in the 2009 Complaint are the AOAO, as the plaintiff, and WBR LLC (the developer for the Condominium Project) as the defendant, as well as Doe Defendants. The AOAO and WBR LLC are the only two parties that signed the Stipulation for Dismissal.

Defendants assert that, pursuant to HRCP Rule 17(d), they were Doe Defendant parties to the 2009 Lawsuit. That is, given the allegations in the 2009 Complaint that Doe Defendants included, *inter alia*, "vendors, suppliers, manufacturers, distributors, sub-distributors, sub-contractors, contractors," or those who "were in some manner, presently unknown to Plaintiff, engaged or involved in the activities alleged herein[,]" Defendants argue these allegations include them as parties to the 2009 Lawsuit. HRCP Rule 17(d) provides in pertinent part:

> (d) *Unidentified Defendant.*
>
> (1) When it shall be necessary or proper to make a person a party defendant and the party desiring the inclusion of the person as a party defendant has been unable to ascertain the identity of a defendant, the party desiring the inclusion of the person as a party defendant shall in accordance with the criteria of Rule 11 of these rules set forth in a pleading the person's interest in the action, so much of the identity as is known (and if unknown, a fictitious name shall be used), and shall set forth with specificity all actions already undertaken in a diligent and good-faith effort to ascertain the person's full name and identity.

6

(2) Subject to HRS section 657-22, the person intended shall thereupon be considered a party defendant to the action, as having notice of the institution of the action against that person, and as sufficiently described for all purposes, including services of process, and the action shall proceed against that person.

(3) Any party may, by motion for certification, make the name or identity of the party defendant known to the court within a reasonable time after the moving party knew or should have known the name or identity of the party defendant. . . .

(4) When a party defendant has been named or identified in accordance with this rule, the court shall so certify and may make any order that justice requires to protect any party from undue burden and expense in any further proceedings involving the party defendant.

(Emphasis added.)

Although, as the Defendants contend, a Doe Defendant under HRCP Rule 17(d) is considered a party defendant, a primary purpose of HRCP Rule 17 "is to toll the statute of limitations with respect to Doe defendants who cannot be identified prior to the running of the statute." Tri-S Corp. v. W. World Ins. Co., 110 Hawai'i 473, 500, 135 P.3d 82, 109 (2006) (internal quotation marks omitted). Importantly, under HRCP Rule 17(d)(3), the plaintiff must make the identity of the party known to the court within a reasonable time, and under HRCP Rule 17(d)(4), "[w]hen a party defendant has been named or identified in accordance with this rule, the court shall so certify[.]" The Hawai'i Supreme Court has noted that:

Unlike most of the Hawaii Rules of Civil Procedure, Rule 17(d) is not patterned after a federal rule; it was drafted by our Committee on Civil Rules, . . . . Yet if anything is clear about its application, it is the need for scrupulous observance of its procedures and the criteria for pleadings established by HRCP 11.

Tobosa v. Owens, 69 Haw. 305, 316-17, 741 P.2d 1280, 1287-88 (emphasis added).

Here, the Defendants do not assert or provide any evidence that the AOAO identified to the court, or should have identified to the court, any of the Defendants as a Doe Defendant in the 2009 Lawsuit, and there is no assertion that the Defendants were certified as Doe Defendants in the 2009 Lawsuit.

7

Given these circumstances, where there was not observance of the procedures in HRCP Rule 17(d) or an assertion that the AOAO failed to properly comply with the rule, we cannot say that the Defendants in this case were parties to the 2009 Lawsuit for *res judicata* purposes.[6]

The Defendants contend, alternatively, that *res judicata* applies because they were in privity with WBR LLC. This court has stated:

> The concept of privity has moved from the conventional and narrowly defined meaning of "mutual or successive relationship[s] to the same rights of property" to "merely a word used to say that the relationship between the one who is a party of record and another is close enough to include that other within the res adjudicata."

In re Dowsett Tr., 7 Haw. App. 640, 646, 791 P.2d 398, 402 (1990) (citation and internal quotation marks omitted). Further, a "determination of who are privies 'requires careful examination into the circumstances in each case as it arises.'" Id. (citation omitted). One major consideration in a privity analysis is whether there was "[a]dequate representation of the interests of the nonparty[.]" Id.

Here, although the Defendants contend they were in privity with WBR LLC, the developer, because they allege they were either the general contractor, subcontractor, or supplier to the Condominium Project, none of the Defendants presented evidence in support of their summary judgment motions demonstrating their relationship with WBR LLC. Further, no evidence was presented as to WBR LLC representing the interests of the Defendants in regard to the 2009 Lawsuit. Therefore, the

---

[6] Defendants cite to cases from other jurisdictions to support the proposition that they should be considered Doe Defendants in the 2009 Lawsuit and thus the claims here are barred by *res judicata*. See Manning v. S.C. Dept. Of Hwy. & Pub. Trans., 914 F.2d 44 (4th Cir. 1990); Goel v. Heller, 667 F. Supp. 144 (D.N.J. 1987); Deaton v. Burney, 669 N.E.2d 1 (Ohio Ct. App. 1995). However, as noted above, HRCP Rule 17(d) was specifically drafted by a Hawai'i Committee on Civil Rules and its procedures should be scrupulously observed. Tobosa, 69 Haw. at 316, 741 P.2d at 1287. The cases that Defendants rely upon are unpersuasive in light of the requirements under HRCP Rule 17(d). Cf. Nagle v. Lee, 807 F.2d 435, 440 (5th Cir. 1987)("[T]he mere naming of a person through use of a fictitious name does not make that person a party absent voluntary appearance or proper service of process.").

Defendants did not demonstrate there was no genuine issue of material fact as to whether privity exists in this case.

B. **Parties Released Under the 2010 Settlement Agreement**

The AOAO further contends that the 2010 Settlement Agreement did not release Dorvin, Uponor, Sto, and Group Builders from the claims asserted in the 2013 Complaint, because these defendants were not parties to the 2010 Settlement Agreement. By contrast, Dorvin, Uponor, Sto, and Group Builders contend that they are Releasees as defined in the 2010 Settlement Agreement.

Settlement agreements are a species of contract and the principles of contract interpretation apply when interpreting a settlement agreement. Wong v. Cayetano, 111 Hawai'i 462, 481, 143 P.3d 1, 20 (2006). "Contract terms are interpreted according to their plain, ordinary, and accepted sense in common speech." Hawaiian Ass'n of Seventh-Day Adventists v. Wong, 130 Hawai'i 36, 45, 305 P.3d 452, 461 (2013) (citation omitted).

The 2010 Settlement Agreement provides: "'RELEASEES' shall mean and include without limitation, WBR LLC; UNLIMITED WBR LCC [sic], and UNLIMITED CONSTRUCTION INC., their respective and collective officers, directors, shareholders, members, managers, agents, employees, consultants, insurers, attorneys, successors and assigns and anyone acting on their behalf." (Emphasis added.) The 2010 Settlement Agreement clearly releases Unlimited. Although not expressly named as Releasees, Dorvin, Uponor, Sto, and Group Builders contend that they were acting on behalf of Unlimited as either a subcontractor or supplier for the Condominium Project, and thus were released under the 2010 Settlement Agreement.

The list of Releasees set forth in the 2010 Settlement Agreement listed after WBR LLC and Unlimited appear to be types of agents of the companies. The general term "anyone acting on their behalf" must relate to the same category as the specific terms it follows. State v. R.J. Reynolds Tobacco Co., 211 P.3d 448, 452 n.23 (Wash. Ct. App. 2009) ("The doctrine of ejusdem generis provides that when a general term follows or is preceded

9

by a series of specific terms, the general term should not be given its broadest possible meaning, but rather should extend only to matters of the same general class or nature as the terms specifically enumerated. The doctrine applies in both statutory and contract interpretation cases.") (citations omitted). It does not appear that Dorvin, Sto, Uponor, and Group Builders -- as either a subcontractor or supplier for the Condominium Project -- acted on behalf of the developer or general contractor in a sense similar to those specifically enumerated as a Releasee. Further, Dorvin, Sto, Uponor, and Group Builders did not submit evidence in support of their summary judgment motions to show that they acted on behalf of WBR LLC or Unlimited.

At a minimum, there are genuine issues of material fact whether Dorvin, Sto, Uponor, and Group Builders were Releasees under the 2010 Settlement Agreement. Thus, summary judgment in favor of Dorvin, Sto, Uponor, and Group Builders was not warranted on this ground.

However, because it is undisputed that Unlimited was expressly identified as a Releasee under the 2010 Settlement Agreement and, as stated above, the 2010 Settlement Agreement covered the type of claims asserted by the AOAO in the 2013 Complaint, summary judgment in favor of Unlimited is proper. Although the circuit court granted summary judgment based on *res judicata*, we may affirm on different grounds. Poe v. Hawai'i Labor Relations Bd., 87 Hawai'i 191, 197, 953 P.2d 569, 575 (1998).

C.    Motion to Compel Mediation and Arbitration

The AOAO contends that the circuit court erred when it did not compel the Defendants to arbitrate pursuant to the Hawai'i Uniform Arbitration Act, HRS Chapter 658A, and the 2010 Settlement Agreement.

"[W]hen presented with a motion to compel arbitration, the court is limited to answering two questions: (1) whether an arbitration agreement exists between the parties; and (2) if so, whether the subject matter of the dispute is arbitrable under

10

such agreement." <u>Fireman's Fund Ins. Co. v. AIG Hawai'i Ins. Co.</u>, 109 Hawai'i 343, 349, 126 P.3d 386, 392 (2006).

As discussed above, the evidence presented in this case does not show that Dorvin, Sto, Uponor, and Group Builders were parties to or Releasees under the 2010 Settlement Agreement. Thus, they cannot be compelled to participate in arbitration pursuant to the terms of the 2010 Settlement Agreement.

Moreover, it does not appear that the claims in this case are arbitrable under the terms of the 2010 Settlement Agreement. With regard to arbitration, the 2010 Settlement Agreement provides:

> <u>Disputes.</u> In the event of a <u>dispute by any party over the terms and conditions of this Agreement, or any party's performance of its obligations thereunder</u>, the parties agree to resolve such disputes first by reference to binding mediation pursuant to the Commercial Mediation Rules of Dispute Prevention & Resolution Inc., ("DPR") before a single mediator and the location of such mediation shall be in Honolulu, Hawaii. Only after the mediator declares an impasse in writing, the parties shall resolve their disputes by binding arbitration pursuant to the Commercial Arbitration Rules of DPR, before a single arbitrator; the location of such arbitration shall be in Honolulu, Hawaii.

(Emphasis added.) The claims in this case, set forth in the 2013 Complaint, were for damages related to the Condominium Project and not based on a dispute over the terms or conditions of the 2010 Settlement Agreement.

The AOAO also contends that the circuit court should have compelled the parties to participate in mediation pursuant to RCCH Rule 12.2, which provides in pertinent part: "The court, sua sponte or upon motion by a party, may, <u>in exercise of its discretion</u>, order the parties to participate in a nonbinding Alternative Dispute Resolution process (ADR or ADR process) subject to terms and conditions imposed by the court." (Emphasis added.)

RCCH Rule 12.2 "does not mandate that a circuit court grant a party's request to mediate; instead, this decision remains discretionary with the court." <u>Bowen Hunsaker Hirai Consulting, Inc. V. Turk</u>, No. CAAP-10-0000104, 2013 WL 5442980, at *6 (Haw. App. Sept. 30, 2013). Here, the AOAO does not

11

allege, and nothing in the record indicates, that the circuit court abused its discretion when it denied the AOAO's motion for mediation pursuant to RCCH Rule 12.2.

### III.  Conclusion

Based on the above, the Final Judgment, filed on June 9, 2014, in the Circuit Court of the Fifth Circuit, is vacated with regard to the entry of judgment in favor of Dorvin, Sto, Uponor, and Group Builders.  The Final Judgment is affirmed in all other respects.  The case is remanded to the circuit court for further proceedings consistent with this opinion.

DATED:  Honolulu, Hawai'i, July 25, 2017.


On the briefs:

Terrance M. Revere,
Malia Nickison-Beazley,
        and
P. Kyle Smith,
Christina N. Lambe,
for Plaintiff-Appellant.

Michelle-Lynne E. Luke,
for Defendants-Appellees.

Chief Judge

Associate Judge

Associate Judge

12